# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

| | |
|---|---|
| CHRISTINE STEVENS ) | |
|     Plaintiff, ) | |
| ) | Case No. _____ |
| vs. ) | |
| ) | |
| CREDITORS INTERCHANGE ) | |
| RECEIVABLE MANAGEMENT, LLC, ) | |
| a New York corporation; and JANE DOE, ) | |
| an unknown agent of Creditors Interchange ) | |
| Receivable Management, LLC ) | |
|     Defendants. ) | **JURY TRIAL DEMANDED** |
| _____/ | |

## COMPLAINT FOR UNLAWFUL DEBT COLLECTION PRACTICES AND DEMAND FOR JURY TRIAL

### I.   INTRODUCTION

1.   This is an action for damages brought by an individual consumer for Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereafter "FDCPA") and the Florida Consumer Collection Practices Act (hereafter "FCCPA"), Fla. Stat. § 559.55 et seq. These laws prohibit debt collectors from, *inter alia*, engaging in abusive, deceptive, and unfair collection practices.

### II.   JURISDICTION AND VENUE

2.   Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. §§ 1331, 1337, and 1367.

3.   Venue lies in this District pursuant to 28 U.S.C. § 1391(d).

### III.   PARTIES

4.   Plaintiff, Christine Stevens (hereafter "Plaintiff"), is an adult individual residing at 2207 Malibu Drive, Brandon, Florida, 33511.

5.      Defendant Creditors Interchange Receivable Management, LLC. (hereafter "Creditors") is a foreign limited liability company with a mailing address of 80 Holtz Drive, Cheektowaga, New York 14225. Creditors is an entity whose principal purpose is the collection of debts, or who regularly collects, directly or indirectly, debts owed or allegedly owed to another and is therefore a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and Fla. Stat. § 559.55(6).

6.      Based on information and belief, Defendant Jane Doe, a.k.a. "Mrs. Long," is a natural persons residing at unknown addresses and who is an employee or agent of Creditors. Based on information and belief, Jane Doe is a person who regularly collects, directly or indirectly, debts owed or allegedly owed to another and is therefore a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and Fla. Stat. § 559.55(6).

### IV.     FACTUAL ALLEGATIONS

7.      At all times during the events described herein, Defendant Jane Doe was acting as an employee and/or agent of Defendant Creditors and was attempting to collect a consumer debt.

8.      At all times during the events described herein, Plaintiff did not reside with her parents.

9.      On or about August 28, 2008, Jane Doe telephoned Plaintiff's parents, Peter and Anele Milewski, at their residence.

10.     Jane Doe, identifying herself only as "Mrs. Long," left a message on the Milewskis' answering machine stating that she was attempting to contact Plaintiff regarding a "serious legal concern," and she demanded that Plaintiff call her back at 866-513-9461.

11.     Based on information and belief, the phone number 886-513-9461 belongs to Defendant Creditors.

12.     On or about August 30, 2008, Plaintiff's neighbor, Angela, informed Plaintiff that a "Mrs. Long" had called Angela and left a message for Plaintiff stating that she should immediately call Mrs. Long at 866-513-9461 (the same number left with Plaintiff's parents) regarding a "serious matter."

13. On or about October 15, 2008, the Milewskis were again contacted at their home by Mrs. Long, who sought to obtain information about Plaintiff.

14. When Mr. Milewski asked who was calling and why, Mrs. Long did not answer truthfully and instead told him that Plaintiff was being sued because of her involvement in a felony.

15. Mr. Milewski became very upset at this point and handed the phone to Mrs. Milewski, who once again asked for the caller's information. Mrs. Long refused to provide such information and then proceeded to tell Plaintiff's mother that, due to Plaintiff's involvement in a felony, Plaintiff was going to be "subpoenaed" and "sued."

16. Mrs. Long then told Mrs. Milewski that it was "critical" that Plaintiff call Mrs. Long at 866-513-9461, a number which belongs to Creditors.

17. On or about October 31, 2008 Mr. and Mrs. Milewski received yet another phone call for Plaintiff.

18. The caller stated that she was "Julie with Bank of America" and would like to offer an Plaintiff a settlement.

19. Julie told Plaintiff's parents that Bank of America would accept $10,000 to settle the claim and that Plaintiff had to call 1-888-481-4348 ext 3544 and reference account number 12687996.

20. Julie further advised Plaintiff's parents that the offer would expire that night at midnight.

21. Because of the misrepresentations made by Creditors by and through its agents and or employees to Plaintiff's family and neighbors, Plaintiff suffered severe embarrassment, humiliation, and emotional distress.

**FIRST CLAIM FOR RELIEF**
**FDCPA VIOLATION**
**Stevens v. Creditors Interchange**

22. Plaintiff repeats, realleges, and incorporates by reference paragraphs 1 through 21.

23. Based on information and belief, Defendant had access to Plaintiff's current location information (as defined in 15 U.S.C. § 1692a(7)) and had no need to confirm or correct this information by contacting third parties.

24. Plaintiff at no time gave Defendant her consent to contact any third parties in connection with the collecting of any debts that might be owed by Plaintiff.

25. Defendant violated 15 U.S.C. § 1692b(3) by contacting Plaintiff's parents (the Milewskis) more than once without authorization, consent, or legitimate purpose.

26. As previously stated, Defendant had no need to acquire or update Plaintiff's location information and contacted Plaintiff's parents and neighbor for the sole purpose of harassing, abusing, and embarrassing the Plaintiff in connection with the collection of a debt, thus violating 15 U.S.C. § 1692c(b).

27. Defendant violated 15 U.S.C. § 1692b(1) when its employee contacted third parties (specifically, Plaintiff's parents and neighbor) in connection with its collection activities against Plaintiff and: failed to accurately identify herself; failed to state that she was confirming or correcting Plaintiff's location information; and failed to identify her employer when this information was requested by the Milewskis.

28. Defendant violated 15 U.S.C. § 1692e when its employee falsely stated to the Milewskis that Plaintiff was involved in a felony. This misrepresentation also constituted an implication that nonpayment of the alleged debt would result in arrest and/or imprisonment, which is one of the specific examples of misrepresentation prohibited by § 1692e(4). Furthermore, § 1692e(10) specifically prohibits "[t]he use of any false representation or deceptive means to collect any debt or to obtain information concerning a consumer."

29. Defendant also violated 15 U.S.C. § 1692e when its employee stated that Plaintiff was or would in the near future be "sued" and "subpoenaed" (see paragraph 16) by Defendant since, at the time, no legal action to collect a debt was being initiated or contemplated by Defendant against Plaintiff.

30.     Defendant engaged in conduct the natural consequence of which was to harass, embarrass, and abuse the Plaintiff in violation of 15 U.S.C. § 1692d when its employee attempted to deceive the Milewskis into believing their daughter was a felon and in serious legal jeopardy for the purpose of shaming or frightening Plaintiff into contacting the Defendant. In the alternative, such activity constitutes an unfair or unconscionable means of attempting to collect a debt, which is a violation of 15 U.S.C. § 1692f.

31.     When Defendant's employee placed telephone calls to Plaintiff's parents and neighbor, she failed to provide meaningful disclosure of her identity (calling herself only "Mrs. Long") and, when requested, the identity of her employer.  Such conduct is one of the specific examples of abusive or harassing conduct prohibited by § 1692d(6) and a violation of the FDCPA.

32.     Plaintiff does not owe any delinquent debt to Defendant or one of Defendant's clients, and therefore Defendant was attempting to collect a debt not authorized by agreement or permitted by law, which is a violation of 15 U.S.C. § 1692f.

33.     As a result of the foregoing violations of the FDCPA, Defendant is liable to Plaintiff for a declaratory judgment that Defendant's conduct violated the FDCPA, and Plaintiff's actual damages (including emotional distress brought about by Defendant's conduct intended to humiliate, embarrass, and abuse Plaintiff), statutory damages, costs, and attorney's fees pursuant to 15 U.S.C. § 1692k.

## SECOND CLAIM FOR RELIEF
## FCCPA VIOLATION
### Stevens v. Creditors Interchange

34.     Plaintiff repeats, realleges, and incorporates by reference paragraphs 1 through 21.

35.     When Defendant's employee told the Milewskis that their daughter, the Plaintiff, was involved in felony and falsely implied that Defendant would be able to take legal action and/or pursue criminal charges to collect the debt, Defendant violated Fla. Stat. § 559.72(9) by asserting a legal right that did not exist.

36. Defendant's employee's statements to Plaintiff's family (the Milewskis) that Plaintiff was involved in a felony and could face corresponding legal consequences constituted willful conduct which should have been reasonably expected by the Defendant "to abuse or harass the debtor or any member of her or his family" and was a violation of Fla. Stat. § 559.72(7).

37. As a result of the above violations of the FCCPA, Defendant is liable to Plaintiff for declaratory judgment that Defendant's conduct violated the FCCPA, and Plaintiff's actual damages (including emotional distress brought about by Defendant's conduct intended to humiliate, embarrass, and abuse Plaintiff), statutory damages, punitive damages, costs, and attorney's fees pursuant to Fla. Stat. § 559.77.

### THIRD CLAIM FOR RELIEF
### FDCPA VIOLATION
### Stevens v. Jane Doe (a.k.a "Mrs. Long")

38. Plaintiff repeats, realleges, and incorporates by reference paragraphs 1 through 21.

39. Based on information and belief, Defendant had access to Plaintiff's current location information (as defined in 15 U.S.C. § 1692a(7)) and had no need to confirm or correct this information by contacting third parties.

40. Plaintiff at no time gave Defendant her consent to contact any third parties in connection with the collecting of any debts that might be owed by Plaintiff.

41. Defendant violated 15 U.S.C. § 1692b(3) by contacting Plaintiff's parents (the Milewskis) more than once without authorization, consent, or legitimate purpose.

42. As previously stated, Defendant had no need to acquire or update Plaintiff's location information and contacted Plaintiff's parents and neighbor for the sole purpose of harassing, abusing, and embarrassing the Plaintiff in connection with the collection of a debt, thus violating 15 U.S.C. § 1692c(b).

43.     Defendant violated 15 U.S.C. § 1692b(1) when she contacted third parties (specifically, Plaintiff's parents and neighbor) in connection with its collection activities against Plaintiff and: failed to accurately identify herself; failed to state that she was confirming or correcting Plaintiff's location information; and failed to identify her employer when this information was requested by the Milewskis.

44.     Defendant violated 15 U.S.C. § 1692e when she falsely stated to the Milewskis that Plaintiff was involved in a felony. This misrepresentation also constituted an implication that nonpayment of the alleged debt would result in arrest and/or imprisonment, which is one of the specific examples of misrepresentation prohibited by § 1692e(4). Furthermore, § 1692e(10) specifically prohibits "[t]he use of any false representation or deceptive means to collect any debt or to obtain information concerning a consumer."

45.     Defendant also violated 15 U.S.C. § 1692e when it stated that Plaintiff was or would in the near future be "sued" and "subpoenaed" by Defendant's employer since, at the time, no legal action to collect a debt was being initiated or contemplated by Creditors against Plaintiff.

46.     Defendant engaged in conduct the natural consequence of which was to harass, embarrass, and abuse the Plaintiff in violation of 15 U.S.C. § 1692d when it attempted to deceive the Milewskis into believing their daughter was a felon and in serious legal jeopardy for the purpose of shaming or frightening Plaintiff into contacting the Defendant. In the alternative, such activity constitutes an unfair or unconscionable means of attempting to collect a debt, which is a violation of 15 U.S.C. § 1692f.

47.     When Defendant placed telephone calls to Plaintiff's parents and neighbor, she failed to provide meaningful disclosure of her identity (calling herself only "Mrs. Long") and, when requested, the identity of her employer.  Such conduct is one of the specific examples of abusive or harassing conduct prohibited by § 1692d(6) and a violation of the FDCPA.

48. As a result of the foregoing violations of the FDCPA, Defendant is liable to Plaintiff for a declaratory judgment that Defendant's conduct violated the FDCPA, and Plaintiff's actual damages (including emotional distress brought about by Defendant's conduct intended to humiliate, embarrass, and abuse Plaintiff), statutory damages, costs, and attorney's fees pursuant to 15 U.S.C. § 1692k.

### FOURTH CLAIM FOR RELIEF
### FCCPA VIOLATION
### Stevens v. Jane Doe (a.k.a "Mrs. Long")

49. Plaintiff repeats, realleges, and incorporates by reference paragraphs 1 through 21.

50. When Defendant told the Milewskis that their daughter, the Plaintiff, was involved in felony and falsely implied that Defendant or her employer would be able to take legal action and/or pursue criminal charges to collect the debt, Defendant violated Fla. Stat. § 559.72(9) by asserting a legal right that did not exist.

51. Defendant's statements to Plaintiff's family (the Milewskis) that Plaintiff was involved in a felony and could face corresponding legal consequences constituted willful conduct which should have been reasonably expected by the Defendant "to abuse or harass the debtor or any member of her or his family" and was a violation of Fla. Stat. § 559.72(7).

52. As a result of the above violations of the FCCPA, Defendant is liable to Plaintiff for declaratory judgment that Defendant's conduct violated the FCCPA, and Plaintiff's actual damages (including emotional distress brought about by Defendant's conduct intended to humiliate, embarrass, and abuse Plaintiff), statutory damages, punitive damages, costs, and attorney's fees pursuant to Fla. Stat. § 559.77.

### PRAYER FOR RELIEF

**WHEREFORE**, PLAINTIFF respectfully prays that judgment be entered against DEFENDANTS for the following:

Declaratory Judgment that DEFENDANTS' conduct violated the FDCPA and FCCPA;

Actual damages to be determined at trial;

Statutory damages pursuant to 15 U.S.C. § 1692k and Fla. Stat. § 559.77;

Punitive damages pursuant to Fla. Stat. § 559.77;

Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k and Fla. Stat. § 559.77;

Such other and further relief as may be just and proper.

                                        Respectfully Submitted,

Dated: December 4, 2008            s/ G. Donald Golden
                                        G. DONALD GOLDEN, ESQUIRE
                                        Florida Bar No. 0137080
                                        G. DONALD GOLDEN, P.A.
                                        213 N. Parsons Avenue
                                        Brandon, Florida 33511
                                        Telephone: (813) 413-8700
                                        Facsimile: (813) 413-8701
                                        E-mail: don@brandonlawyer.com
                                        Attorney for Plaintiff

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff demands trial by jury in this action.

                                        s/ G. Donald Golden
                                        G. Donald Golden, Esquire